IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:10CR006

        Plaintiff

v.                                                           ORDER

Darrick Smith,

        Defendant

This is a felon in possession case in which the defendant has moved *in limine* to exclude any testimony and other evidence that, as he was being apprehended for the present charge, officers observed him discarding baggies containing crack cocaine. [Doc. 21].

For the reasons that follow, the motion in limine will be overruled.

The police received a complaint about outdoor gambling. The officers dispatched to the scene saw four men playing cards. The officers told the men to remain seated.

Instead of complying with that order, defendant got up and started walking away. He did not respond to the officers' commands to stop. He went on a porch, where he was seen discarding the weapon that gives rise to this offense. Officers also saw him discarding the baggies that he wants excluded from trial.

The pertinent evidentiary provisions are Rules 404(b) and 403 of the Federal Rules of Evidence.

Testimony that the defendant threw away baggies of crack cocaine immediately after throwing away a firearm is admissible as "temporally and spatially-connected background evidence" and "because of the propensity of people involved with drugs to carry weapons." *U.S. v. Till*, 434

F.3d 880, 884 (6th Cir. 2006). This evidence meets the requirement of *U.S. v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000), that the evidence consist of "other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense."

In addition, possession of the drugs is relevant on the issues of defendant's state of mind – namely, his intent, motive and guilty knowledge *vis-a-vis* possession of the firearm. *See, e.g.*, *U.S. v. Hardin*, 248 F.3d 489, 499 (6th Cir. 2001) (guns are tools of the drug dealing trade). Evidence of drug dealing shows motive for having a weapon. *E.g., U.S. v. Smith*, 292 F.3d 90 (1st Cir. 2002).

The risk of unfair prejudice does not substantially outweigh the probative value of the drugs. *See U.S. v. Rhodes*, 314 F. App'x 790 (6th Cir. 2008) (unpublished disposition) (probative value of drugs found with firearm-related evidence not substantially outweighed by risk of unfair prejudice).

In light of the foregoing, it is:

ORDERED THAT defendant's motion in limine [Doc. 21] be, and the same hereby is overruled.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge